SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
MADISON M. MARDER (SBN 346796)
madison.marder@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 480.306.5458
Facsimile: 480.306.5459

Attorneys for Defendants
JOSEPH COHEN and ICU PRODUCTION, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN M. KNAPP, an individual,<br><br>Plaintiff,<br>vs.<br><br>JOSEPH COHEN, an individual; JOSEPH COHEN as Trustee of THE JOSEPH & ALONA COHEN FAMILY TRUST; ISAAC G. COHEN, an individual; ISAAC G. COHEN as Trustee of THE ISAAC G. COHEN LIVING TRUST; ICU PRODUCTION, INC.; and DOES 1-40, inclusive,<br><br>Defendants.<br>and<br><br>CONEY ISLAND PICNIC, LLC, a Nevada limited liability company.<br><br>Nominal Defendant. | Case No. 2:26-cv-6066<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

Pursuant to 28 U.S.C. §§ 1331, 1338, 1441 and 1446, Defendants Joseph Cohen, individually and as trustee of the Joseph & Alona Cohen Family Trust, and ICU Production, Inc. (collectively, "Defendants"), by and through undersigned counsel, hereby remove Case No. 25STCV22650 from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. In support of its Notice of Removal, Defendants state and allege as follows:

**I. Statement of the Case**

**A. The Original and First Amended Complaint Did Not Include Any Causes of Action Subject to Removal**

1. On July 31, 2025, plaintiff Jonathan Knapp ("Plaintiff") filed a Complaint derivatively on behalf of Coney Island Picnic, LLC against defendants Joseph Cohen individually and as trustee of the Joseph & Alona Cohen Family Trust ("Cohen"), Isaac G. Cohen, individually and as trustee of the Isaac G. Cohen Living Trust ("Isaac"), ICU Production, Inc. ("ICU") and nominal co-defendant Coney Island Picnic, LLC ("Coney Island"), Case No. 25STCV22650 (the "State Court Action.")

2. The original Complaint filed in the State Court Action did not include any causes of action that would be subject to removal: (i) breach of fiduciary duty; (ii) breach of fiduciary duty; (iii) breach of fiduciary duty; (iv) unfair business practices; (v) accounting; (vi) concealment; (vii) conversion; (viii) breach of contract; (ix) breach of covenant of good faith and fair dealing; (x) declaratory relief (ICU); and (xi) declaratory relief (CIP). It also did not allow for removal on the basis of diversity jurisdiction under 28 U.S.C. § 1441 because there is not complete diversity between the parties, as Knapp is a citizen of Nevada, Cohen is a citizen of California, and both Knapp and Cohen's trust (which is domiciled in California) are members of Coney Island. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (". . . an LLC is a citizen of every state of which its owners/members are citizens.") A true and correct

copy of the original Complaint is attached hereto as Exhibit 2.

3. On August 8, 2025, Cohen, ICU and Coney Island were served with the Summons and Complaint. Isaac resides in Israel, and service of process on him is discussed in paragraphs 11 through 13 below.

4. On October 8, 2025, Cohen and ICU filed a Demurrer to the Complaint. Also on October 8, 2025, Coney Island filed an Answer to the Complaint.

5. On November 14, 2025, Plaintiff filed an Amended Complaint in the State Court Action, asserting the same causes of action as the original Complaint. A true and correct copy of the Amended Complaint is attached hereto as Exhibit 28.

6. On January 30, 2026, Cohen and ICU filed a Demurrer to the Amended Complaint. Also on January 30, 2026, Coney Island filed an Answer to the Amended Complaint.

7. On April 28, 2026, the Superior Court sustained the Demurrer in part and granted Plaintiff thirty days' leave to amend the pleadings.

**B. Plaintiff's Second Amended Complaint Includes a Cause of Action for "Federal Trademark Infringement"**

8. On May 28, 2026, Plaintiff filed his Second Amended Complaint ("SAC") in the State Court Action. A true and correct copy of the SAC is attached hereto as Exhibit 67.

9. In the SAC, Plaintiff's fourth cause of action is asserted against ICU for "Federal Trademark Infringement," which arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and is asserted derivatively on behalf of Coney Island. (Ex. 67, SAC ¶¶ 49-54.)

10. Plaintiff's trademark infringement claim is predicated upon his contention that Coney Island owns federally registered trademarks (Ex. 67, SAC ¶ 17) and that ICU engaged in trademark infringement because it "willfully manufactured, marketed and sold apparel displaying the CIP Trademarks . . . ." (*Id.* ¶ 51.)

### C. Service of Process on Co-Defendant Isaac Cohen

11. On May 7, 2026, Plaintiff filed a Request for Default in the State Court Action against Isaac, asserting that Isaac was served in accordance with the Hague Convention on February 24, 2026, before Plaintiff filed the SAC. That request was rejected.

12. On May 12, 2026, Isaac specially appeared in the State Court Action to file a motion to quash service of summons on the grounds that Plaintiff did not properly effectuate service of summons, and there is no personal jurisdiction over Isaac, who is a citizen and resident of Israel. That motion is currently pending in the State Court Action, and a true and correct copy is attached hereto as Exhibit 64.

13. Although Isaac consents to the removal of this action, he expressly reserves the right to contest personal jurisdiction and does not concede that he has been validly served with process. A true and correct copy of the written consent of Isaac and Coney Island is attached hereto as Exhibit 1. "A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense." *Morton v. Aylo Holdings, S.A.R.L.*, 2024 WL 4599343, at *2 (C.D. Cal. Oct. 3, 2024) (quoting *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal., July 16, 2015).)

## II. Basis for Federal Jurisdiction

14. Removal to this Court is proper under 28 U.S.C. §1441 because this Court has original jurisdiction over cases arising under the Lanham Act under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and Plaintiff's SAC includes a claim for "Federal Trademark Infringement."

15. In particular, Plaintiff's fourth cause of action, titled "Federal Trademark Infringement," thereby asserts a claim for trademark infringement under applicable federal law, the Lanham Act, 15 U.S.C. § 1051 *et seq.*

16. Further, the "Federal Trademark Infringement" claim asserts that ICU infringed federally registered trademarks. That claim is created and governed by 15

U.S.C. § 1114, which establishes liability for infringement of federally registered trademarks. *Int'l Ord. of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980) ("The Lanham Act created a federal protection against two types of unfair competition, infringement of registered trademarks, 15 U.S.C. s 1114, and the related tort of false designation of the origin of goods, 15 U.S.C. s 1125(a).")

17. Specifically, the SAC alleges "infringement of the CIP Trademarks." (Ex. 67, SAC ¶ 52.) According to the SAC, "CIP is the initial owner of the CIP-filed trademarks and the assignee of the ICU-filed trademarks (hereinafter the 'CIP Trademarks')." (*Id.* ¶ 50.) The SAC defines the "CIP-filed trademarks" as marks registered with the United States Patent and Trademark Office, including "Registration Nos. 6927907, 7183962, 7183963 and 7288052." (*Id.* ¶ 17.) The SAC also defines the "ICU-filed trademarks" as U.S. Reg. Nos. 6,648,456 and 7,482,605. (*Id.* ¶ 15.)

18. Plaintiff relies on the determination of a federal law question for adjudication of his trademark infringement claim, rendering it necessarily federal in character and within this Court's jurisdiction. *Volkswagenwerk Aktiengesellschaft v. Church*, 256 F. Supp. 626, 629 (S.D. Cal. 1966), aff'd, 411 F.2d 350 (9th Cir. 1969), *supplemented*, 413 F.2d 1126 (9th Cir. 1969) ("It seems fairly well settled in the Ninth Circuit that federal law should be applied to the issue of infringement of registered trademarks."); *see B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 142, (2015) ("[T]he Lanham Act creates at least two adjudicative mechanisms to help protect marks. First, a trademark owner can register its mark with the PTO. Second, a mark owner can bring a suit for infringement in federal court.")

19. Although Defendants deny that Plaintiff is entitled to any damages or other relief, the SAC seeks, *inter alia*, as a result of "ICU's wrongful advertising and sale of its goods bearing the CIP Trademarks," damages in the form of "substantial lost sales in an amount according to proof," which is a remedy authorized by 15 U.S.C. § 1117(a). (Ex. 67, SAC ¶ 53.)

20. Accordingly, there is federal question jurisdiction because it appears from the face of the SAC that determination of the trademark infringement claim depends upon a question of federal law. 5 McCarthy on Trademarks and Unfair Competition § 32:7 (*citing Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 386–87 (2016) ("Federal question jurisdiction lies, … only if it appears from the face of the complaint that determination of the suit depends upon a question of federal law.").)

21. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367. The factual bases for the state law claims are so related to the Federal Trademark Infringement Claim that the state law claims form part of the same case or controversy under Article III of the United States Constitution. All of the claims arise out of allegations regarding the exploitation of the trademarks at issue in the Federal Trademark Infringement claim. For example, the first cause of action for breach of fiduciary duty asserts, "The Cohens, and each of them, breached their fiduciary duty to Knapp by causing their separately owned company, ICU, to exploit and profit from the ICU-filed Trademarks instead of the joint venture." (Ex. 67, SAC ¶ 35.)

22. Therefore, removal of this case is proper. *Blue Bay Ventures LLC v. John Buys Bay Homes LLC*, 2024 WL 5135603, at *2, *4 (N.D. Cal. Dec. 16, 2024) (internal citation omitted) (Denying motion to remand because "Plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law" and "as Plaintiff chose to allege claims arising under the Lanham Act, removal is proper.")

**III. All Procedural Requirements for Removal Have Been Satisfied**

23. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it is filed within thirty days of receipt of the SAC, which Plaintiff filed and served on Cohen, ICU and Coney Island on May 28, 2026.

24. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because the United States District Court for the Central District of California is the federal judicial

district embracing the place where the State Court Action is pending.

25. As required by 28 U.S.C. § 1446(a), copies of all state court process, pleadings, and orders are attached to this Notice of Removal as Exhibits 2 through 67.

26. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly served on Plaintiff and all defendants that have appeared in the State Court Action, and a copy will be promptly filed with the Clerk of the Los Angeles County Superior Court.

27. This Notice of Removal is signed pursuant to Fed. R. Civ. R. 11, as required by 28 U.S.C. § 1446(a).

43. Cohen and ICU submit this Notice of Removal solely for the purpose of establishing federal subject matter jurisdiction and deny any liability or basis for relief as alleged in the SAC. This Notice of Removal is filed without the waiver of any defenses or making any admission to Plaintiff's allegations.

28. Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been served or otherwise properly joined in the action must either join in the removal, or consent to the removal. Cohen and ICU have secured the written consent of Isaac and Coney Island, a true and correct copy of which is attached hereto as Exhibit 1. Defendant Does 1 through 40 are also named in the SAC. These unknown defendants are not required to join in the Notice of Removal. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980). Accordingly, all Defendants who have been served or otherwise properly joined in this action have joined or have consented to the removal of this Action.

**IV. Prayer for Relief**

29. WHEREFORE, Cohen and ICU respectfully request: (i) the civil action captioned *Knapp v. Cohen et al.*, Case No. 25STCV22650, pending in the Superior Court for the State of California, County of Los Angeles, be removed to the United States District Court for the Central District of California, with a full reservation of all defenses;

(ii) this Court properly exercise removal jurisdiction over this case; and (iii) that no further proceedings shall occur in the State Court Action.

DATED: June 4, 2026

**GREENSPOON MARDER LLP**

*/s/ Sharon A. Urias*

Sharon A. Urias
Madison M. Marder
*Attorneys for Defendants*
*Joseph Cohen and ICU Production, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record for this matter.

Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ Marlee Grayson*